

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

**CJ-2019-00186**

Doug Drummond

| | | |
|---|---|---|
| ROBERT RUSSELL HAMPTON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| CSAA GENERAL INSURANCE COMPANY d/b/a AAA INSURANCE COMPANY | ) ) ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

DISTRICT COURT
**FILED**

JAN 1 5 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### PETITION

COMES NOW the Plaintiff, Robert Russell Hampton ("Plaintiff"), and for his cause of action against the Defendant, CSAA General Insurance Company d/b/a AAA Insurance Company ("Defendant") alleges and states as follows:

### THE PARTIES AND JURISDICTION

1. Plaintiff, Robert Russell Hampton, is a citizen of the State of Oklahoma and resides in Tulsa County, State of Oklahoma.

2. Upon information and belief, Defendant CSAA General Insurance Company d/b/a AAA Insurance Company is a mutual automobile insurance company licensed and authorized to conduct business in Tulsa County, Oklahoma and may be served in Oklahoma.

3. The Defendant issued a policy of automobile insurance to Robert Hampton that covered a policy period of July 20, 2018 – January 20, 2019 under policy number OKSS-205685568, which will hereinafter be referred to as the "policy".

4. The policy of insurance issued by Defendant covered a 2015 Ford Explorer SUV with VIN number: 1FM5K8GT9FGB49484 ("insured vehicle") owned by Robert Hampton.



EXHIBIT 1

5. Jay Dillon Hampton is the son of Robert Hampton and authorized as a driver of the insured vehicle under the policy.

6. On or about September 12, 2018, Jay Dillon Hampton was operating the insured vehicle eastbound on State Highway 364 when he lost control while attempting to exit onto East 96th Street and was involved in an accident causing damage to the insured vehicle.

7. The policy on the insured vehicle provided for $100,000.00 of property damage coverage and was in full force and effect at the time of the accident in question on September 12, 2018.

8. Robert Hampton submitted a claim for damages under the policy based on the damage to the insured vehicle, which was denied by Defendant on or about October 16, 2018.

9. The incidents giving rise to this litigation occurred in Tulsa County, State of Oklahoma.

10. For the reasons set out above, this Honorable Court has jurisdiction over the parties and subject matter and venue in Tulsa County, Oklahoma is proper.

### COUNT I

All previous allegations are incorporated by reference, and Plaintiff further alleges and states:

11. Plaintiff made a timely and valid claim for policy benefits, cooperated with Defendant's adjusters, and otherwise complied with all conditions precedent for coverage and payment under the policy obligating Defendant to pay the full amount under the policy necessary to indemnify Plaintiff and repair and/or replace the covered damage to Plaintiff's insured vehicle.

12. Defendant knew or should have known the extent to which the insured vehicle was damaged and the amounts necessary to repair and replace the damaged vehicle based on the

insurance policy. Defendant breached the insurance policy by refusing to pay the full amount of covered damages in a timely manner and by denying all coverage in its entirety.

13. Because of Defendant's breach of the subject insurance policy, Plaintiff has suffered loss of policy benefits, and other financial loss, and damage which is ongoing.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages in an amount in excess of the jurisdictional damage amount required for diversity jurisdiction under 28 U.S.C.A. §1332.

## COUNT II

All previous allegations are incorporated by reference, and Plaintiff further alleges and states:

14. In its handling of Plaintiff's claim, Defendant breached the implied covenant of good faith and fair dealing, as a matter of standard business practice (including, but not limited to) in the following respects:

    a. Refusing payment and other policy benefits due to Plaintiff at a time when Defendant knew that Plaintiff was entitled to those benefits;

    b. Failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c. Withholding payment of the benefits due to Plaintiff knowing that Plaintiff's claims for those benefits were valid;

    d. Refusing to honor Plaintiff's claims for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e. Refusing to honor Plaintiff's claims by applying restrictions not contained in the policy;

f. Refusing to honor Plaintiff's claims by knowingly misconstruing and misapplying provisions of the policy;

g. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i. Utilizing pre-determined positions to support denial rather than searching out objective information and evidence to evaluate the claim;

j. Forcing Plaintiff, pursuant to its standard claims practice, to retain counsel to secure benefits Defendant knew were payable; and;

k. Failing to properly evaluate any investigation that was performed, all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to Defendant.

15. As a direct result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of insurance policy benefits, loss of business income, other financial losses, loss of use and enjoyment, frustration, anxiety, pain and suffering, and other incidental damages.

16. The actions of Defendant were reckless and wanton and/or intentional and malicious thereby entitling Plaintiff to recover punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of the jurisdictional damage amount required for diversity jurisdiction under 28 U.S.C.A. § 1332, for compensatory damages and further for punitive damages plus interest, costs, attorney fees and all other relief which the Court deems just and equitable.

Respectfully submitted,

*[signature]*

James W. Connor, Jr., OBA #12248
Grant A. Fitz, OBA #19806
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, Oklahoma 74103
Telephone: 918/585.2394
Facsimile: 918/585.1449

**ATTORNEY LIEN CLAIMED**

-and-

George Gibbs, OBA #11843
GIBBS ARMSTRONG & BOROCHOFF, P.C.
601 S. Boulder Ave., Ste. 500
Tulsa, OK 74119
Telephone: 918/587.3939
Facsimile: 918/582.5504
**ATTORNEYS FOR PLAINTIFF**